IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EUGENIE HENNING, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. 1:21-cv-1040 |
| ) | |
| CITY OF JACKSON, TENNESSE, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Eugenie Henning, by and through her attorney, for her Complaint against the City of Jackson, Tennessee, states the following:

## NATURE OF THE CASE

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et seq. and the Civil Rights Act of 1866, 42 U.S.C. 1981, alleging wilful discrimination against the Plaintiff because of her race.

## JURISDICTION AND VENUE

2. Federal jurisdiction arises over the subject matter of this Complaint pursuant to the 42 U.S.C. §2000 et seq, and 28 U.S.C. §1331.

3. Pursuant to 28 U.S.C. §1391 venue lies in the Western District of Tennessee, Eastern Section, in that Defendant is engaged in business in this District and the events giving rise to the claims alleged in this Complaint occurred within this District.

## PARTIES

4. Plaintiff Eugenie Henning, who is of the Black race, was an employee of the City of

Jackson, Tennessee, under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866 at all times during the events giving rise to the claims alleged in this Complaint.

5. The Defendant City of Jackson, Tennessee, is a governmental entity and an employer under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1866 at all times during the events giving rise to the claims alleged in this Complaint.

**FACTS**

6. The Plaintiff provided over nine years of loyal and diligent service to the Defendant City of Jackson, first as a Senior Secretary for a couple of years before being promoted to an Administrative Specialist position.

7. Despite this service, Plaintiff Henning was furloughed on April 24, 2020, and when other employees were recalled from the furlough, she was not recalled.

8. Instead, on June 23, 2020, the Plaintiff was informed that she was terminated due to a Reduction in Force (RIF).

9. On March 6, 2020, prior to the furlough and termination of the Plaintiff, the Defendant's Caucasian Director of the Health and Sanitation Department, took away Plaintiff's job duties of billing, recording payments, and receiving payments and gave those duties to a Caucasian employee and Plaintiff was moved to another office to only answer the phones.

11. That same month the Plaintiff was also subjected to unequal terms and conditions of employment by being denied training that she requested from an employee in Grounds Keeping, as well as denied a promotional raise. Most importantly, during that same period the Caucasian employee who had previously been given Plaintiff's job duties was given training by that employee in Grounds Keeping, given a promotional raise, and allowed to work overtime.

12. On April 5, 2020, the Plaintiff emailed the Director of the Health and Sanitation

Department, as well as the Defendant's City Manager Alex Reed, about this discriminatory treatment. Unfortunately, instead of being given a legitimate business reason or provided a remedy for this bad treatment, the Plaintiff was informed on April 24, 2020, that she was being furloughed because of the pandemic. Notably, the Caucasian employee who had recently been given Plaintiff's job duties was not furloughed.

13. Further, in May 2020 a Caucasian Administrative Specialist from the Police Department who had been furloughed by the Defendant City in April, just like Plaintif had been, was selected for recall to work in the Health and Sanitation Department while the Plaintiff remained on furlough.

14. Even worse than not being recalled like the Caucasian employee had been, though, the Plaintiff was then selected for termination on June 23, 2020, as part of a RIF.

15. The Plaintiff avers that the reassigning of her job duties to a Caucasian employee, furloughing her instead of that employee, failing to recall her and instead recalling a Caucasian employee, and then terminating her instead of one of the Caucasian employees, is due to discrimination against her because of her race.

16. Such race discrimination violates the Civil Rights Act of 1964, as amended, which is enforced by the U. S. Equal Employment Opportunity Commission (E. E. O. C.), but also the Civil Rights Act of 1866.

17. In June 2017 the Plaintiff filed an E. E.O. C. charge against the City of Jackson alleging discrimination in job assignments and compensation because of her race. The Plaintiff again protested discriminatory treatment in her employment because of her race in April 2020.

18. The Plaintiff avers that in addition to, or in the alternative, that the reassigning of her job duties to a Caucasian employee, furloughing her instead of that employee, failing to recall her and

instead recalling a Caucasian employee, and then terminating her, was due to retaliation against her for her prior protests of race discrimination in employment.

19. The Plaintiff avers that the aforesaid discrimination and/or retaliation was willful, intentional and with malice.

20. The Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within three hundred days of the discrimination alleging discrimination against her in violation of the Civil Rights Act of 1964, as amended, because of her race and/or retaliation against her because of her prior charge and protest of discrimination.

21. The Plaintiff received a Notice of Right to Sue Notice from the EEOC on the Charge of discrimination that she filed and this lawsuit is being filed within ninety days of the date she received that Notice.

22. As a result of the discriminatory and/or retaliatory treatment and termination, the Plaintiff has suffered a major loss in pay and benefits, as well as mental distress, humiliation and embarrassment and loss of enjoyment of life.

23. Plaintiff avers that she is entitled under the Civil Rights Act of 1964 and the Civil Rights Act of 1866 to recover all lost pay and benefits, with interest, as well as to recover her attorneys fees and costs.

24. The Plaintiff avers she is also entitled under the Civil Rights Acts of 1964 and 1866 to recover compensatory damages for the mental distress, humiliation and embarrassment, and loss of enjoyment of life she has suffered, and will continue to suffer, as a result of the unlawful treatment and termination.

25. The Plaintiff avers she is also entitled under the Civil Rights Act of 1964 and the Civil Rights Act of 1866 to an award of punitive damages to punish the Defendant for its intentional

discrimination and/or retaliation against the Plaintiff and to set an example to deter other employers from engaging in similar discriminatory conduct.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That the Court find that Defendant discriminated against Plaintiff in violation of the Civil Rights Act of 1866 and the Civil Rights Act of 1964, as amended, because of her race;

2. That the Court find that Defendant retaliation against Plaintiff in violation of the Civil Rights Act of 1866 and the Civil Rights Act of 1964, as amended, because of her prior protests of employment discrimination;

3. That the Court order Defendant to reinstate Plaintiff to her former full-time position or a comparable position, with full seniority and benefits or, in lieu of such reinstatement, order front pay and benefits until her reinstatement or until she obtains a comparable position with another employer;

4. That the Court award Plaintiff all of her lost pay and benefits, with interest, plus award her compensatory damages for the mental distress, humiliation and embarrassment and the loss of enjoyment of life she suffered as a result of the discrimination and/or retaliation;

5. That the Court award Plaintiff punitive damages to punish the Defendant for its wrongdoing and to deter other employers from engaging in similar wrongful conduct;

6. That the Court award Plaintiff reasonable attorney's fees and expenses for this action; and

7. That the Court award Plaintiff such other and further relief as may be deemed just and proper.

The Plaintiff demands a jury to decide the issues in his case.

Respectfully submitted,

  /s/ Dan M. Norwood
Dan M. Norwood
254 Court Avenue, Suite 212
Memphis, Tennessee 38103
Tel: (901) 834-9292

B